**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLOTTE MORRIS** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **NO. 11-7675** |
| | : | |
| **BANKERS LIFE &** | : | |
| **CASUALTY COMPANY,** | : | |
| **Defendant** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                        **February 23, 2012**

     Charlotte Morris brought this action in the Court of Common Pleas of Philadelphia County against Bankers Life & Casualty Company, alleging breach of contract and bad faith.  Mrs. Morris alleges that the defendant failed to pay her a life insurance benefit of $25,000 following the tragic death of her son.  The defendant removed the case to federal court based on the diversity of citizenship of the parties and an amount in controversy exceeding $75,000.  The plaintiff filed a motion to remand the case to the Court of Common Pleas, claiming that the defendant could not carry its burden of establishing that the minimum jurisdictional requirements had been met.  For the following reasons, I will deny the motion in its entirety.

     Federal courts are of limited jurisdiction, and may only decide cases consistent with the authority afforded by the Constitution or statute.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 378 (1994).  Title 28 of the United States Code, Section 1332 requires the satisfaction of two factors before the district court may assume

diversity jurisdiction over a civil action: (1) the controversy must be between citizens of different states, and (2) the amount in controversy must exceed $75,000.00.  Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."  In re Briscoe, 448 F.3d 201, 217 (3d Cir. 2006).  As the party asserting jurisdiction, the defendant has "the burden of showing at all stages of the litigation that the case is properly before the federal court."  Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).

Here, there is no dispute that the parties are of different states.  The real dispute is the amount in controversy.  The Court of Appeals for the Third Circuit has provided guidance in analyzing a motion to remand when the amount in controversy is in dispute. Id. at 195-197.  As noted above, the amount in controversy must exceed $75,000, exclusive of interests and costs.  See 28 U.S.C. § 1332.  Where a case has been removed from state court, the amount in controversy analysis begins with a review of the complaint filed originally in the state court.  Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 398 (3d Cir. 2004).  The court's determination of the amount in controversy must be based on that complaint as of the time the notice of removal was filed, and the court must measure the amount not by the low end of an open-ended claim, but by a reasonable reading of the value of rights being litigated.  See Angus v. Shiley, Inc., 989 F.2d 142, 145 (3d Cir. 1993); Werwinski v. Ford Motor Co., 286 F.3d 661 (3d Cir. 2002).

Upon a careful review of the complaint in this case, I find that it is impossible to say, to a legal certainty, that the plaintiff could not recover more than the statutory

amount of $75,000.  Both counts in the complaint seek an award in the amount of the value of the insurance policy, i.e., $25,000, plus attorney's fees, delay damages, punitive damages, and statutory interest.  Count II brings a claim of bad faith under Pennsylvania's Bad Faith insurance statute, 42 Pa. C.S.A. § 8371[1] which permits punitive damages, interest, attorney's fees, and costs.  Punitive damages are considered part of the amount in controversy.  Frederico v. Home Depot, 507 F.3d 188, 199 (3d Cir. 2007).  In fact, an award of punitive damages of just over two times[2] the claimed compensatory damages in this case would put the plaintiff's claim over the $75,000.00 threshold.

The Third Circuit has also held that, in calculating the amount in controversy, a court must consider potential attorney's fees.  Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997).  Although 28 U.S.C. § 1332 excludes "interest and costs" from the amount in controversy, attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action.  Id.  In a case such as this one, involving a statutory claim of bad faith, the claim for attorney's fees and punitive damages could easily put the amount in controversy over the jurisdictional limit.

---

[1] Title 42 of Pa.C.S. § 8371 pertains to actions on insurance policies, and provides:  In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:  (1) award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%; (2) award punitive damages against the insurer; and (3) assess court costs and attorney fees against the insurer.

[2] The Supreme Court has declined to impose a bright-line ratio which a punitive damages award cannot exceed.  State Farm Mutual Auto Insurance Co. v. Campbell, 538 U.S. 408, 425 (2003).  However, the Supreme Court stated that, in practice, punitive damages are usually limited by due process considerations to a single digit ratio between punitive and compensatory damages.  Id.

Further, the fact that the plaintiff has offered to stipulate and limit her damages to less than $75,000, <u>see</u> Exhibit C, has no effect on this determination.  Even if a plaintiff states that her claims fall below the threshold, a court must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not.  <u>Morgan v. Gay, et al.</u>, 471 F.3d 469, 474 (3d Cir. 2006).  Here, at the time the notice of removal was filed, the plaintiff's demands included attorney's fees, punitive damages, and statutory interest, all of which can be considered in determining that the amount in controversy could exceed the jurisdictional limit.  Accordingly, I will deny the motion to remand.

An appropriate Order follows.